CRAIN, Judge.
This is an appeal from a judgment of the trial court dismissing the plaintiffs’ suits against the State of Louisiana Department of Public Safety, (hereafter Department) which suits alleged that the Department of Public Safety’s negligence caused an accident which resulted in the death of plaintiffs’ minor son.
On June 29, 1977, a truck driven b> Ernest J. Bourg struck and killed a three-year-old boy, John A. Coglaiti, Jr. Mr. Bourg was in the process of moving to his daughter’s house, and was traveling in caravan fashion with one son-in-law in a truck ahead of him and another son-in-law following him. The trial judge found that the evidence showed that Mr. Bourg saw the child, John A. Coglaiti, Jr., on the side of the road, but allowed his attention to be diverted to an older child who had run across the road between his truck, and the truck of the son-in-law ahead of him. He looked just long enough to see the older child safely roll into the ditch; however, by the time he looked forward again, he saw three-year-old John Coglaiti, Jr. immediately in the truck’s path. The child was struck and killed instantly. The trial judge found that up until the point where the child was struck, Bourg did not significantly reduce his speed or apply his brakes.
The divorced parents of the deceased child individually sued Ernest J. Bourg, each alleging that the injury and death of their son was occasioned by Bourg’s negligence. By supplemental petition, the plaintiffs added as a defendant the Department of Public Safety, alleging that its negligence was a cause of the accident and subsequent death of John Coglaiti, Jr. The plaintiffs thereafter reached a settlement with defendant Ernest J. Bourg and his insurer, and the claims made against them were then dismissed by the trial court, with the plaintiffs reserving their rights against the Department of Public Safety.
After trial on the merits, the trial court rendered judgment in favor of the Department of Public Safety, dismissing the plaintiffs’ claims.
On appeal, the appellants allege that Ernest J. Bourg’s poor eyesight was a legal cause of the accident, and that the Department of Public Safety was negligent in reissuing Bourg’s driver’s license in January of 1977, considering his poor eyesight.
Each of appellants’ specifications of error addresses a factual finding of the trial judge. It is well established that, in the absence of manifest error, the trial court’s *1049 factual determination will not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The trial judge found that the employees of the Department of Public Safety were not negligent in reissuing Bourg’s license. He found that Bourg was negligent in that he actually saw the child, but failed to understand the significance of what he saw and act accordingly. Therefore, the judge concluded that regardless of alleged negligence of the Department of Public Safety, neither Bourg’s poor eyesight, nor consequently, the actions of the employees of the Department of Public Safety in reissuing Bourg’s license, were a cause of the accident and resulting death of John A. Coglaiti, Jr. We agree with those findings.
We find it unnecessary to consider possible negligence of the Department of Public Safety since the conclusions of the trial court as to lack of a cause-in-fact connection between Bourg’s eyesight and the accident, and consequently, the actions of the Department of Public Safety in reissuing the license, are manifestly correct.
Appellants argue that the finding of the trial court failed to take into consideration Ernest Bourg’s lack of peripheral vision in determining the issues of negligence and causation. In his findings of fact, the trial judge pointed out that Bourg had some loss of peripheral vision. This is undisputed. However, the extent to which Bourg’s peripheral vision was impaired at the time of the accident is impossible to tell. The only testimony available was that of his eye doctor, who testified that Bourg’s peripheral vision could have been impaired by his thick glasses. It is obvious that the trial judge took into consideration Bourg’s limited peripheral vision, but found that there was simply not enough evidence to conclude that it was a cause of the accident in view of the overriding fact that Bourg did indeed see both children, but negligently diverted his attention away from the younger child.
For the above reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.